IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv289-RJC

| | |
|---|---|
| AELISHA NAOMI MARSH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CBS MEDIA CORPORATION, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** comes before the Court upon motions to dismiss filed by defendants Reach Media, Inc., Thomas E. Joyner, Sprint/Nextel, Unum Life Insurance Company, Steve Harvey, Steve Harvey Radio Network, Inc., United Behavioral Health, Barbara McIntyre, Artie Goines, CBS Radio Holdings, Inc. ("CBS Radio"), and NBC Universal, Inc.[1] (Doc. Nos. 21, 22, 27, 37, 40, 44, 46). For the reasons explained below, the Court **GRANTS** the motions to dismiss and sua sponte dismisses the remaining claims.

I.  BACKGROUND

Plaintiff Aelisha Marsh was employed as an On-Air Personality/Board Operator for defendant CBS Radio in Charlotte, NC between May 2002 and March 2008. Marsh, proceeding in forma pauperis, filed her complaint on July 15, 2009, using a Title VII employment discrimination form. Marsh alleges that CBS Radio and other media outlets defamed her on the

---

[1] In the complaint, Marsh incorrectly identifies Unum Life Insurance Company as UNUM Health Insurance Company, Steve Harvey Radio Network, Inc. as The Steve Harvey Morning Show, CBS Radio Holdings as CBS Media Corporation, and NBC Universal, Inc. as NBC Corporate Headquarters.

1

radio. She also alleges that she was wrongfully terminated from CBS Radio. She seeks recovery in the form of medical bills, automobile damage, loss of home life, and loss of 100 pounds due to stress while at the job.

In the initial complaint, Marsh names twenty defendants including CBS Radio, and various employees of CBS Radio.[2] In an amendment to the complaint, Marsh lists forty-seven additional defendants along with several additional claims.[3] The Court considers all of Marsh's claims in light of defendants' motions to dismiss and the in forma pauperis statute, 28 U.S.C. § 1915.

## II. STANDARD OF REVIEW

An indigent litigant, proceeding in forma pauperis, may commence an action in federal court without paying the administrative costs and fees associated with the lawsuit pursuant to 28 U.S.C. § 1915(e). The in forma pauperis statute gives "broad discretion on the district courts to

---

[2] The CBS Radio employees named in the complaint include: Bill Schoening (Vice President), Vedra Grant (National Sales Executive), Terri Avery (Operations Manager), Donald Parker, Artie Goines, and Barbara McIntyre (Human Resources Manager). The other Defendants named in the initial Complaint include: UNUM Health Insurance, United Behavioral Health, University Psychological Associates, Jane Marsh Montecciggio, Jane Marsh Rockefeller, Hearst Publications/William Randolph Hearst Senior, Sprint/Nextel, Reach Media, Inc., Inner City Broadcasting Company, North Carolina Police Department, NBC Corporate Headquarters, Steve Harvey, and the Steve Harvey Morning Show.

[3] Ronald Johnson (Technical Manager of WSOC-TV), Coxx Communications, John D. Rockefeller et al., Pavillion Crossings Apartments, The Piedmont @ Ivy Meadow, Dorris Lee Marsh, Egbert Chester Marsh, The Wendy Williams Experience, John Delhome Rockefeller et al., Bank of America Corp. et al., Charles Gibson, BET Networks et al., Viacom, Radio and TV One Inc. et al., Radio and TV One Inc. Baltimore et al., Sirious/XM Satellite Radio Corporation et al., Chrissette Michele et al., Jasmine Sullivan - Def Jam et al., Anthony Efrem "Tony" Wilson, Maryland State Police et al., Prince George's County Public Schools et al., Maryland Police Officer Calvin Moody, William Randolph, Evelyn Hearst III, Sean Combs/Bad Boy Records et al., Janet Jackson - Virgin Records et al., ABC News Networks et al., Ameri Rogers/Columbia Records et al., Rich Harrison/Richcraft Records, Keri L. Hilson/Interscope Records et al., Beyonce Knowles/Columbia/Sony Records et al., Matthew Knowles/Music World Music, Maxwell-Columbia Records et al., Rocafella Records - Jay Z, Janet Jackson - A&M Records et al., ABC TV Networks et al., Yung LA - Interscope Records et al., RichGirl - RCA/Jive/Sony et al., Mariah Carey - Columbia Def Jam et al., Ricco Barrino - Def Jam, ABC News - Barbara Walters et al., ABC News - Diane Sawyer, ABC News Personalties et al., NBC Personalties et al., ABC Corporate: Alicia Stevens, ABC Corporate et al. : Regis Philpin, Kanye West - Def Jam Records et al., and Capitol Records et al.

police in forma pauperis filings . . . to ensure that indigent litigants do not bring suit solely because of the public subsidy available under § 1915(b))." Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004). To that end, the statute provides that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B)(i)-(ii).

"In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance." Bullock v. Beasley & Allen, No. 5:09-cv-329, 2009 U.S. Dist. LEXIS 77659, at *3 (M.D.N.C. July 31, 2009). According to Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Furthermore, documents filed by a pro se party must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

### A. Claims in August 3, 2009 amendment to complaint

On August 3, 2009, Marsh amended her complaint by adding forty-seven additional defendants and numerous new claims, including claims for patent infringement and FCC violations. (Doc. No. 7). The new claims are based on facts not found in the initial complaint or amendment. Because Marsh has presented the Court with no factual allegations to support the claims in her amendment, these claims must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e). See Moore v. Bennette, 517 F.3d 717, 728 (4th Cir. 2008) (explaining that § 1915(e) allows a court to dismiss for failure to state a claim based on insufficient factual allegations in the complaint).

### B. Title VII claim

Plaintiff filed her initial complaint using a Title VII form. In the portion of the form where Marsh was required to check which types of discrimination were implicated, she did not check anything. Even given a broad reading of the complaint, Marsh fails to state a Title VII claim against any of the defendants.

The most relevant portion of Title VII provides that "it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a

...

person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." Id. § 2000e(b).

### 1. Claims against non-employers

In her initial complaint, Marsh names several defendants, including CBS Radio and various employees of CBS Radio. None of the defendants, except for CBS Radio, are considered "employers" within the meaning of Title VII, and therefore cannot be held liable under the Act. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) ('[S]upervisors are not liable in their individual capacities for Title VII violations."). Thus, the Title VII claims against all of the defendants named in the initial complaint, excluding CBS Radio, are dismissed.

### 2. Claims against employer - CBS Radio

Although CBS Radio is considered an "employer" that is subject to the requirements of Title VII, Marsh fails to exhaust her administrative remedies before filing suit against her employer.

If a state law protects persons against the type of discrimination alleged, then "complainants are required to resort" to "state and local remedies" before proceeding to the Equal Employment Opportunity Commission ("EEOC") and then to federal court, on their claims of discrimination under federal law. Davis v. N.C. Dep't of Corrections, 48 F.3d 134, 137 (4th Cir. 1995) (quoting N.Y. Gaslight Club, Inc. v. Carey, 447 U.S. 54, 62 (1980)). If a state law does not protect against the discrimination alleged, then the complainant is required to exhaust her administrative remedies by filing a charge of discrimination with the EEOC within a certain time period. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The Fourth

Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Institution, 429 F.3d 505, 510 (4th Cir. 2005). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300.

Marsh filed an administrative complaint with the North Carolina Department of Labor in April of 2008. (Doc. No. 2 at 4-5). Marsh admits that she did not file a charge with the EEOC. (Doc. No. 2-2 at 7). Even if Marsh was filing under state law with the appropriate state agency, however, Title VII prohibits a claimant from invoking the jurisdiction of the federal courts because "action by the EEOC . . . is a predicate for litigation based on the federal statute." Davis, 48 F.3d at 137 (quoting Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 825 (1990)). Because Marsh has failed to exhaust her administrative remedies with the EEOC, her Title VII claims, if any, must be dismissed against CBS Radio. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 421-22 (4th Cir. 2005) (affirming dismissal of Title VII claims for failure to exhaust administrative remedies).[4]

---

[4] Any claim that Marsh tried to assert under the Americans with Disabilities Act would also be barred for failure to exhaust administrative remedies. Hurth v. Bradman Lake Group, Ltd., No. 3:08cv370, 2009 WL 2497993, at *5 (W.D.N.C. Aug. 14, 2009) ("Prior to filing an employment discrimination action in federal court, including any claim under the ADA, a plaintiff is required to file a charge of discrimination with the EEOC . . . .").

### C. Defamation claims

Marsh also alleges defamation claims against CBS Radio and "other media outlets." CBS Radio argues that the statute of limitations bars Marsh's defamation claims.

In North Carolina, an action for defamation must be commenced within one year from the time the action accrues. N.C. Gen. Stat. § 1-54(3). The action accrues at the date of the publication of the alleged defamatory words. Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings, 676 S.E.2d 79, 87 (N.C. Ct. App. 2009).

Marsh does not allege the time or date of the alleged defamatory matter in her complaint. In an attachment to the complaint, Marsh provides a monthly time line of events that occurred while she was working at CBS Radio. Marsh alleges that the defamatory remarks were broadcasted over the radio at various times while she was employed by CBS Radio. None of the defamatory remarks were made after she was terminated on March 21, 2008. At the latest, the one-year limitation period would have ended on March 21, 2009. Marsh did not file this lawsuit until July 15, 2009. The Court therefore dismisses Marsh's defamation claims against all the defendants as untimely filed.

### D. Wrongful discharge claim

Last, Marsh brings a claim for wrongful discharge. North Carolina adheres to the employment at-will doctrine which states that "in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." Kurtzman v. Applied Analytical Indus., 493 S.E.2d 420, 422 (N.C. 1997). Marsh presents no evidence or allegation of an employment contract with CBS

Radio. Therefore, the Court presumes that Marsh was an at-will employee.

Generally, an at-will employee cannot assert a claim for wrongful discharge under North Carolina law. Gillis v. Montgomery County Sheriff's Dept., 663 S.E.2d 447, 449 (N.C. Ct. App. 2008). However, "[w]rongful discharge claims have been recognized in North Carolina where the employee was discharged (1) for refusing to violate the law at the employer's request, (2) for engaging in a legally protected activity, or (3) based on activity by the employer contrary to law or public policy." Imes v. City of Asheville, 594 S.E.2d 397, 399 (N.C. Ct. App. 2004) (internal citations omitted). The public policy exception is a "narrow exception," Roberts v. First-Citizens Bank & Trust Co., 478 S.E.2d 809, 814 (N.C. Ct. App. 1996), that is violated when an employee is fired in contravention of express policy declarations contained in North Carolina's statutes. McCullough v. Branch Banking & Trust Co., 524 S.E.2d 569, 573 (N.C. Ct. App. 2000).

Claims of wrongful discharge are not available against individual employees or supervisors. Lorbacher v. Housing Authority, 493 S.E.2d 74, 79 (1997) ("The trial court properly dismissed the [wrongful discharge] claim against the individual defendants as they were not plaintiff's employers for the purposes of a wrongful discharge claim."); Cox v. Indian Head Indus., Inc., 187 F.R.D. 531, 536 (W.D.N.C. 1999) ("North Carolina does not recognize a claim against a supervisor in an individual capacity for wrongful discharge in violation of public policy."). Therefore, the wrongful discharge claim against the various employees of CBS Radio are dismissed.

To support her wrongful termination claim against CBS Radio, Marsh alleges that she has a claim "based on conversation with CBS employees and overhearing conversations to set

Aelisha Marsh up and fire her using payola and plugola practices and techniques." (Doc. No. 2 at 6). Viewing these allegations in the light most favorable to the Plaintiff, the Court finds that Marsh has failed to allege a claim for wrongful termination.

IV. **CONCLUSION**

Marsh failed to state any facts to support her claims against the defendants included within the amendment to her complaint. Marsh failed to exhaust her administrative remedies before bringing her Title VII claims. Marsh's defamation claim is barred by North Carolina's one-year statute of limitations. Finally, Marsh has not sufficiently alleged enough facts to state a claim against CBS Radio for wrongful termination.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss are **GRANTED** (Doc. Nos. 21, 22, 27, 37, 40, 44, 46) and any remaining claims against defendants are sua sponte **DISMISSED**.

Signed: September 23, 2009

Robert J. Conrad, Jr.
Chief United States District Judge